## RIEGLE v STATE

Ohio Appeals, 6th Dist, Sandusky Co

No 263. Decided April 10, 1933

Boyd, Brooks & Wickham, Cleveland, and Charles L. Foster, Bradner, for plaintiff in error.

Raymond W. Ladd, Prosecuting Attorney, Toledo, for defendant in error.

RICHARDS, J.

It is urged in support of the application for rehearing that the charge of the Court of Common Pleas, which was found by this court to be erroneous, is in accordance with instructions to juries which have been approved by Federal courts. The statute which is charged in the indictment to have been violated was copied, in large part, from a Federal statute and in construing the Ohio statute the state courts would unquestionably consider carefully the decisions of Federal courts in construing the Federal statute, but the construction of the statute is not involved in this case, only the instructions given to the jury. It is thus a question of practice under the state law and this court must look on that matter to the decisions of courts of Ohio.

It is well known that judges of Federal courts, in instructing juries, are permitted much more latitude than is granted to judges of trial courts in Ohio. Indeed it is fundamental that Federal judges may comment on the evidence to the jury, which practice is forbidden in the Ohio state courts. The trial court, following certain Federal cases, instructed the jury in effect that the presumption of guilty intent could only be overcome by evidence on the part of the defendant that would satisfy the jury that there was no such intent, while the true rule in Ohio is that the evidence need only be such as, taken in connection with all the other evidence in the case, would create a reasonable doubt of the defendant's guilt. The same charge to the jury that is relied on by counsel for the State contains the following language:

"There may be other evidence which may satisfy the jury that there was no such intent, but such an inference or presumption throws the burden of proof upon the defendant, and the evidence upon him in rebuttal to do away with that presumption of guilty intent must be sufficiently strong to satisfy you beyond a reasonable doubt

that there was no such guilty intent in such transaction."

Certainly counsel do not claim that this instruction last quoted would be allowable in the trial of a criminal case in a state court in Ohio, but the state law which condemns such an instruction equally condemns the instruction taken from the same charge and given to the jury in the instant case that the evidence to overcome the presumption should satisfy the jury that there was no such intent. Such an instruction would nullify the rule which has always obtained in Ohio in criminal cases that the defendant is presumed to be not guilty and that this presumption can only be overcome by evidence establishing his guilt beyond a reasonable doubt.

Application for rehearing denied.

WILLIAMS and LLOYD, JJ, concur.